KNM:em 07-259

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BOBETTE SUTER | : | |
| | : | |
| VS. | : | C.A. No. 07-456ML |
| | : | |
| WATCH HILL YACHT CLUB | : | |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

Now comes Plaintiff, Bobette Suter ("Suter") and hereby requests that the Clerk of the Court enter a default against Defendant, Watch Hill Yacht Club, as authorized by Federal Rule of Civil Procedure 55. As grounds for said motion, Plaintiff sets forth the following:

1. Plaintiff, Bobette Suter, is the owner of a J 37 sloop sailing vessel, S/V ELUSIVE. Defendant is Watch Hill Yacht Club.

2. On December 12, 2007, Plaintiff filed its Complaint with the court suing Defendant for damages sustained to the S/V ELUSIVE. A copy of the Complaint is attached hereto as Exhibit A.

3. On December 13, 2007, Defendant's agent, John R. Payne, Jr., was served with a summons and copy of Plaintiff's Complaint by personal service. A copy of the return of service is attached hereto as Exhibit B. Defendant did not file a responsive pleading or otherwise defend the suit.

4. Plaintiff is entitled to entry of default.

### *B. Argument*

5. The Clerk of the Court may enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996).

6. The clerk should enter a default against Defendant because Defendant did not file an Answer within twenty (20) days after December 13, 2007, the date of service. Fed. R. Civ. P. 12(a)(1)(A).

7. Plaintiff meets the procedural requirements for obtaining an entry of default from the Clerk as demonstrated by Kelly N. Michels' sworn affidavit, attached hereto as Exhibit C.

8. Defendant is not an infant, an incompetent person, or in military service. *See* 50 U.S.C. app. §521(b)(1); Fed. R. Civ. P. 55(b)(1),(e). An affidavit as to the inapplicability of Defendant's military status is attached hereto as Exhibit D.

9. Because Defendant did not file a responsive pleading or otherwise defend the suit, Plaintiff is entitled to an entry of default.

### *C. Conclusion*

10. WHEREFORE, based upon the fact that the Defendant was served by proper service of process on December 13, 2007 and did not file an answer within twenty (20) days after the date of service, Plaintiff asks the court to enter a default in favor of Plaintiff.

Respectfully submitted,
Bobette Suter

By her Attorneys,

/s/ Kelly N. Michels

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903
(401) 421-2154 – telephone
(401) 521-7040 – fax
jtm@hansoncurran.com
knm@hansoncurran.com

**PROOF OF SERVICE**

I hereby certify that on this 7th day of January, 2008, I mailed a copy of the foregoing *Motion for Entry of Default* to John R. Payne, Jr., (Registered Agent for Service of Process), 46 Granite Street, Westerly, RI 02891.

/s/ Kelly N. Michels
of HANSON CURRAN LLP