C

KNM:em 07-259

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BOBETTE SUTER | : | |
| | : | |
| VS. | : | C.A. No. 07-456 |
| | : | |
| WATCH HILL YACHT CLUB | : | |

**AFFIDAVIT OF KELLY N. MICHELS, ESQUIRE**

On this day, Kelly N. Michels appeared before me, the undersigned, notary public. After I administered an oath to her, she said:

1. My name is Kelly N. Michels. I am competent to make this affidavit. The facts stated in the affidavit are within my personal knowledge and are true and correct.

2. On December 12, 2007, a Complaint was filed on behalf of Bobette Suter, attached hereto as Exhibit A.

3. On December 13, 2007, Defendant, Watch Hill Yacht Club, was personally served, by and through its agent, John R. Payne, Jr., of 46 Granite Street, Westerly, Rhode Island.. A copy of the return of service is attached hereto as Exhibit B.

4. Defendant did not file an Answer within twenty (20) days after December 13, 2007, the date of service. Defendant was required to file an answer or other response to the Complaint by January 2, 2008.

5. A thorough search was made of the Court docket and no answer has been filed.

6. This affidavit is executed by affiant herein in accordance with Fed. R. Civ. P. 55(a) for the purpose of enabling the Plaintiff to obtain an Entry of Default against the Defendant for failure to plead or otherwise defend as to Plaintiff's Complaint.

Kelly N. Michels, Esq. #6478

STATE OF RHODE ISLAND
PROVIDENCE COUNTY

Subscribed and sworn to before me this 7th day of January, 2008.

SARA FONTES
NOTARY PUBLIC
STATE OF RHODE ISLAND
My Commission Expires April 3, 2010

Notary Public
Expiration Date: 4-3-10

KNM 07-259

CA 07 456

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

A

BOBETTE SUTER :
:
VS. : C.A. No.
:
WATCH HILL YACHT CLUB :

**COMPLAINT**

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material hereto, BOBETTE SUTER (hereinafter "SUTER") was and is the owner and operator of a J 37 sloop sailing vessel, S/V ELUSIVE, and is a resident of Quogue, New York.

3. At all times material hereto, defendant, WATCH HILL YACHT CLUB (hereinafter "WHYC" of "defendant"), was and is a corporation organized under and by virtue of the laws of the State of Rhode Island with its principal place of business located in Watch Hill, Rhode Island.

4. At all times hereinafter mentioned, defendant, a yacht club, provided a marina and mooring field located at Watch Hill in the County of Washington, State of Rhode Island, for its members, as well as for use by guests who were members of any other bona fide yacht club.

5. At all times hereinafter mentioned, the defendant operated, maintained and controlled the marina and mooring field.

6. On or around August 7, 2006, SUTER arrived at the Watch Hill Harbor aboard the S/V ELUSIVE. In accordance with WHYC Guest Services guidelines, SUTER contacted the WHYC on VHF channel 10 requesting a mooring assignment.

7. Receiving SUTER'S request for a mooring, WHYC launch operator Beth Kingsley directed SUTER and S/V ELUSIVE to a mooring field, advising that SUTER could choose any of the four moorings available.

8. The S/V ELUSIVE entered the field and was approximately twenty feet from mooring #5, traveling at 1 knot, when she made contact with a rock submerged approximately four feet eight inches below the surface, thereby damaging S/V ELUSIVE.

9. Due to extensive damage to the keel, shaft propeller and bottom of the vessel, causing the S/V ELUSIVE to take on water, the S/V ELUSIVE required hauling by Dodson Boatyard.

10. The damage to S/V ELUSIVE was caused by the negligence of the defendant in its failure to exercise reasonable diligence to provide a safe berth and to warn a person lawfully using its facilities of any unexpected hazard or deficiency of which it may have knowledge, including underwater obstructions at the berth or in its approaches of which it may have knowledge, or should have knowledge in the ordinary course of diligence, all of which caused the S/V ELUSIVE to sustain damages, without any negligence on the part of SUTER contributing thereto.

11. On or about September 7, 2006, SUTER paid Dodson Boatyard the sum of Sixty Thousand Six Hundred Nine and 03/100 ($60,609.03) Dollars for damages sustained to the vessel S/V ELUSIVE.

12. On or about February 15, 2007, SUTER paid, as a supplement to the original estimate, the sum of Nine Thousand Nine and 21/100 ($9,009.21) Dollars for damages sustained to the vessel S/V.

13. As a result of the negligence of the defendants, the plaintiff has been damaged in the sum of Sixty Nine Thousand Six Hundred Eighteen and 24/100 ($69,618.24) Dollars, plus interest, costs and such other relief as this Court deems fit.

**WHEREFORE,** plaintiff, BOBETTE SUTER prays:

That judgment may be entered in favor of plaintiff in the amount of Sixty Nine Thousand Six Hundred Eighteen and 24/100 ($69,618.24) Dollars, together with interest, costs and attorneys fees and that plaintiff may have such other and further relief that the justice of this cause may require.

BOBETTE SUTER

By her Attorneys,

HANSON CURRAN LLP

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903
(401) 421-2154 – telephone
(401) 521-7040 – fax
jtm@hansoncurran.com
knm@hansoncurran.com

Plaintiff hereby designates James T. Murphy and Kelly N. Michels and as its trial attorneys.

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

B

Bobette Suter

V.

Watch Hill Yacht Club

**SUMMONS IN A CIVIL CASE**

CA 07 456

CASE NUMBER:

TO: (Name and address of Defendant)

Watch Hill Yacht Club
c/o John R. Payne, Jr., (Registered Agent for Service of Process)
46 Granite Street
Westerly, RI 02891

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Kelly N. Michels, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Paulette J. Dube
~~Chief Deputy Clerk~~
CLERK

DATE 12/12/07

Barbara Barletta
(By) DEPUTY CLERK

Case 1:07-cv-00456-ML-DLM Document 2 Filed 12/21/2007 Page 2 of 2

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 12-13-07 |
|---|---|
| NAME OF SERVER *(PRINT)* Anthony Marcello Sr. | TITLE D-Party |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: ______

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☑ Other (specify): Served [illegible] John R Prince Jr (Personally)

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| — | 35 00 | 35 00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 12-13-07
Date

[signature]
Signature of Server

34 [illegible] Rd Burrillville RI 02830
Address of Server

Anthony Marcello Sr.

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.