**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION NO. 00456-ML-DLM**

| | |
|---|---|
| **BOBETTE SUTER,** | ) |
| **Plaintiff** | ) |
| **v.** | ) |
| **WATCH HILL YACHT CLUB,** | ) |
| **Defendant.** | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, Watch Hill Yacht Club, Inc (hereinafter "Watch Hill Yacht Club") in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and respectfully files its Answer to the Plaintiff's Complaint.

1. The Defendant admits the allegations contained in Paragraph One (1).

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Two (2), and therefore denies same.

3. The Defendant admits the allegations contained in Paragraph Three (3).

4. The Defendant denies it provided a mooring field but admits the allegations contained in Paragraph Four (4).

5. The Defendant denies the allegations contained in Paragraph Five (5).

6. The Defendant admits the allegations contained in Paragraph Six (6).

7. The Defendant denies the allegations contained in Paragraph Seven (7).

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eight (8), and therefore denies same.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nine (9), and therefore denies same.

10. The Defendant denies the allegations contained in Paragraph Ten (10).

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eleven (11), and therefore denies same.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve (12), and therefore denies same.

13. The Defendant denies the allegations contained in Paragraph Thirteen (13).

## AFFIRMATIVE DEFENSES

Now comes the defendant and incorporates the following Affirmative Defenses into each and every COUNT contained in its Answer to Complaint as follows:

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff's vessel was damaged as alleged herein, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff's vessel was damaged as alleged herein,

which is specifically denied, said damage was sustained as a result of an Act of God, for which the defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff's vessel was damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an intervening and/or superseding act that was not the fault or responsibility of the defendant.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff's claim fail to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the Complaint should be dismissed under the doctrines of estoppel and/or waiver.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff is entitled to damages, which is specifically denied, said damages are limited to contract damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff's claims are barred by the applicable statute of limitations.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff's claims are barred by laches.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff has failed to state a claim upon which relief can be granted because of an agreement between the defendant's insurer and plaintiff's insurer.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that it owed no duty of care to the plaintiff's insured because it did not exercise sufficient care, custody or control over the subject vessel.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that mooring of the vessel was merely a lease and therefore the defendant did not owe a duty of care to the plaintiff's insured.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that if the plaintiff sustained damages as alleged herein, which is specifically denied, the plaintiff has failed and refused to provide documentary proof of said damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff is barred from recovery because she was a member of a club utilizing privileges at a similar club.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the defendant states that the plaintiff is barred from recovery because of her own negligence and/or the negligence of her agents, servants, and/or employees.

**WHEREFORE,** the defendant prays that the plaintiff's complaint be dismissed together with costs and reasonable attorneys' fees.

By its attorney,

/s/ Seth S. Holbrook

Seth S. Holbrook, Bar No. 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com